IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN L. STEWART,

                **Plaintiff,**

       v.                             CASE NO.16-3199-SAC-DJW

**MONTGOMERY COUNTY, KANSAS,**

                **Defendant.**

### MEMORANDUM AND ORDER

On September 24, 2016, Plaintiff, a prisoner[1] appearing pro se and in forma pauperis, filed a 42 U.S.C. § 1983 civil rights complaint. For the reasons discussed below, Plaintiff's complaint is subject to dismissal without prejudice.

**Statutory Screening of Prisoner and In Forma Pauperis Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to

---

[1] Since filing this complaint, Plaintiff has been released from confinement.

1

determine its sufficiency. 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011). While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Complaint**

Plaintiff's complaint stems from his arrest for driving under the influence ("DUI") in Montgomery County, Kansas, on December 12, 2014. Plaintiff was held and charged with a misdemeanor, but the charges were voluntarily dismissed in early

2

January of 2015. Plaintiff was subsequently held pursuant to a warrant from Jasper County, Missouri, and then extradited to Missouri on January 27, 2015, to face a felony DUI charge there. Plaintiff's first count claims his imprisonment in Montgomery County from December 12, 2014, through January 27, 2015, was unlawful. Plaintiff alleges he did not receive "credit" for this 46 days of confinement.

On February 9, 2015, the Montgomery County District Attorney ("DA") refiled charges against Plaintiff, this time as DUI-3rd offense with at least one conviction in the preceding ten (10) years, which is a felony. Plaintiff alleges the DA strategically dismissed the misdemeanor charge related to the December 12 arrest after learning of the Missouri charge, planning to refile as a felony.

Kansas filed a detainer with Missouri on August 31, 2015. Per the Interstate Agreement on Detainers Act ("IADA"), Plaintiff received notice of the Montgomery County detainer on October 6, 2015, and immediately requested disposition of the Kansas charge. Defendant received notice of Plaintiff's request on October 15, 2015. Plaintiff was returned to Montgomery County on March 16, 2016. Under the IADA, Montgomery County had 180 days from the receipt of Plaintiff's request for disposition to commence trial on the charge. The 180 days expired on April 12, 2016, without trial commencing. As a result, the charge

against Plaintiff was dismissed with prejudice by the Montgomery County District Court on May 25, 2016. Plaintiff was returned to Missouri on June 3, 2016, to continue serving his sentence there. Plaintiff's second count claims he was unlawfully confined by Defendant from April 12, 2016, when the 180 days expired, until June 3, 2016, when he was returned to Missouri.

Plaintiff's third count claims that the refiling of charges and issuance of the detainer by Montgomery County negatively impacted his release on parole in Missouri. His argument seems to be that because the Montgomery County charge was ultimately dismissed, he should be able to recover for the negative impact on his Missouri parole determination.

Plaintiff sues one defendant, Montgomery County, Kansas, and he seeks "the fullest compensation allowable for the 98 days" of allegedly unlawful confinement he suffered.

**Analysis**

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2) for the following reasons.

1. **Plaintiff seeks monetary damages from a defendant who is immune from such relief (28 U.S.C. § 1915A(b)(2))**

Plaintiff has named Montgomery County as the defendant in this case. A county may be liable on a § 1983 claim only when a

4

plaintiff is deprived of his constitutional rights pursuant to a policy or custom of the county. *See Monell v. Dept. of Social Services,* 436 U.S. 658, 694 (1978). Plaintiff must show: (1) that a county official committed a constitutional violation and (2) a county policy or custom was the moving force behind the constitutional deprivation. *Campbell v. City of Spencer,* 777 F.3d 1073, 1077 (10th Cir. 2014). Plaintiff has not satisfied either of these requirements. As discussed below, he has not shown any constitutional violation, and he makes no allegation of any Montgomery County policy or custom being the moving force behind his allegedly unlawful incarceration. Montgomery County should be dismissed as a defendant.

In his complaint and attached exhibits, Plaintiff complains at different points about the Montgomery County District Court ("I believe that the court acted with malice by repeatedly dismissing and re-filing this charge." Doc. #1, p. 5) and the Montgomery County District Attorney ("I believe the Montgomery County, Kansas District Attorney treated my case with malice." Doc. #1, p. 58). To the extent the complaint could be liberally construed as naming either the district court judge or the Montgomery County DA as the intended defendant, both would be entitled to absolute immunity for their alleged actions. A judge has absolute immunity unless his or her actions were "nonjudicial" or were taken in the complete absence of all

5

jurisdiction.  *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). Similarly, "a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers,* 482 F.3d 1244, 1261-62 (10th Cir. 2007). While Plaintiff baldly alleges malice on the part of the DA, he cites no support for this allegation.  Moreover, even allegations of malicious prosecution do not defeat this immunity.  *Glaser v. City and County of Denver,* 557 F. App'x 689, 705 (10th Cir. 2014).  Here, Plaintiff complains about the Montgomery County DA dismissing the initial charge of misdemeanor DUI and then refiling against Plaintiff, this time as a felony DUI.  This conduct is squarely within the DA's role as advocate for Montgomery County.  *Cf. Walkusch v. Bd. of Cty. Comm'rs for & on Behalf of Larimer Cty., Colo.*, 627 F. Supp. 541, 543 (D. Colo. 1986)(finding conduct of prosecutor in dismissing and refiling a case is within advocatory function and entitled to absolute immunity).

Plaintiff has not alleged any actions on the part of the judge or prosecutor that fall outside protected activities. Therefore, both are immune from recovery under § 1983. Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii) because he seeks monetary damages from a defendant who is immune from such relief.

## 2. Plaintiff fails to state a claim upon which relief may be granted (28 U.S.C. § 1915A(b)(1))

Even if Plaintiff could name a proper defendant, the facts he alleges do not show that his constitutional rights have been violated as required to state a claim under § 1983. In Count I, Plaintiff complains that his imprisonment in Montgomery County from December 12, 2014, through January 27, 2015, was unlawful and malicious. Plaintiff's argument seems to center on an allegation that he did not receive credit for these 46 days, presumably when he was sentenced by the Missouri court for the Missouri felony. He does not explain how Montgomery County, Kansas (or the Montgomery County DA or district court judge, for that matter) was at fault.

Nor does Plaintiff explain how this is a constitutional violation in any event. The Eighth Circuit considered a very similar issue in *Bagley v. Rogerson,* 5 F.3d 325 (8th Cir. 1993). In that case, the plaintiff brought suit under § 1983 alleging under state law that prison officials should have credited his state sentence with time served on a vacated federal sentence. The Eighth Circuit found that the plaintiff failed to state a claim under § 1983 for a violation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. At most, the Eighth Circuit concluded, Mr. Bagley alleged a

violation of state statutory or decisional law which is not cognizable under § 1983. *Id.* at 329.

In situations where an accused is held in jail prior to trial due to the inability to make bail, denying him credit for the time served as a pretrial detainee may violate the Equal Protection Clause if he receives the maximum statutory sentence for his crime. "It is impermissible, under the Equal Protection Clause, to require that indigents serve sentences greater than the maximum provided by statute solely by reason of their indigency." *Hall v. Furlong*, 77 F.3d 361, 364 (10th Cir. 1996). In this case, Plaintiff pled guilty to a Class D felony on the Missouri charge. He was sentenced to three (3) years imprisonment. The maximum term of imprisonment under Missouri law for a Class D felony is seven (7) years. Section 558.011.1, RSMo. Consequently, the Equal Protection Clause is not implicated by a failure to credit him with 46 days of time served. Plaintiff's claim in Count I does not make out a constitutional violation.

In Count II, Plaintiff claims his confinement in Montgomery County from April 12, 2016, through June 3, 2016, was unlawful and malicious. Plaintiff apparently bases his contention on the fact that the Montgomery County charge was ultimately dismissed, with the court finding Montgomery County should have commenced trial against Plaintiff by April 12 and did not do so. However,

the court did not issue its order dismissing the charge until May 25.  Once the order was issued, Plaintiff was returned to Missouri eight (8) days later to continue to serve his sentence there.  This was not an unreasonable delay.  Furthermore, this is not a situation where Plaintiff was denied liberty.  If he had not been confined in Montgomery County from April 12 to June 3, 2016, he would have been confined in Missouri.

Plaintiff's complaint about the Montgomery County DA dropping the Kansas misdemeanor charge in early January, 2015, and then refiling felony charges against Plaintiff on February 9, 2015, also does not state a constitutional violation.  The law is clearly established that a prosecutor's "decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978).  This discretion is limited in that a prosecutor's decision cannot be based on an arbitrary classification or discriminatory purpose in violation of the Equal Protection Clause of the Fourteenth Amendment.  *Wayte v. United States,* 470 U.S. 598, 608 (1985). Plaintiff has made no such allegation.  Plaintiff does allege the DA was influenced by a desire to use the Missouri conviction to prosecute Plaintiff for felony DUI rather than misdemeanor DUI.  This does not state a constitutional violation either. *See United States v. Batchelder,* 442 U.S. 114, 125 (1979)

9

(finding that even if a prosecutor is influenced in a charging decision by the punishment that may be assessed upon conviction, "this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.").

Plaintiff's claim in Count III seems to be that the Montgomery County charge prevented his early release in Missouri, and because it was ultimately dismissed, he should be able to recover for the negative impact on his Missouri parole determination.

While not directly challenging the validity of the parole board's determination, the claim Plaintiff makes necessarily implies that the board's decision was invalid. Before Plaintiff can recover monetary damages stemming from that decision, he must show that the decision has previously been invalidated through direct appeal, a habeas action, or some other means. *See Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002), *citing Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jacobs v. Cushinberry*, 44 F. App'x 889, 891 (10th Cir. 2002)("The defects challenged by (petitioner) necessarily imply the invalidity of the parole decision; consequently, before he may obtain monetary damages stemming from that decision, (he) must demonstrate that the decision has previously been invalidated."); *see also Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Plaintiff does not allege that his parole determination has been invalidated. As a result, his claim for damages resulting from the denial of early release is not cognizable under § 1983.

Even if Plaintiff's claim in Count III were not subject to the *Heck* bar, he could not proceed because he has not shown a violation of a constitutional right. The United States Supreme Court has plainly held that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7 (1979); *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 280 (1998). While state law may create a protected liberty interest in parole or early release, the Eighth Circuit has found that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions. *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005), *citing Marshall v. Mitchell,* 57 F.3d 671, 673 (8th Cir. 1995).

Plaintiff has failed to state a claim upon which relief may be granted under § 1983 making his complaint subject to summary dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).

**Summary**

For the reasons discussed above, this 42 U.S.C. § 1983 action is subject to summary dismissal under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court

11

will direct Plaintiff to show cause why this matter should not be dismissed. The failure to file a specific, written response waives de novo review by the District Judge, see *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of factual and legal allegations. *Makin v. Colo. Dept. of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED** that within thirty (30) days of receipt of this order, Plaintiff shall show cause to the Honorable Sam A. Crow why Plaintiff's complaint should not be dismissed.

**IT IS SO ORDERED.**

DATED: This 13th day of June, 2017, at Kansas City, Kansas.

s/ David J. Waxse

**DAVID J. WAXSE**
**U.S. Magistrate Judge**